**The STATE of Ohio, Appellee,**

**v.**

**TODD, Appellant.**

[Cite as *State v. Todd* (1992), 78 Ohio App.3d 454.]

Court of Appeals of Ohio,
Sandusky County.

No. S–91–2.

Decided Feb. 28, 1992.

*John E. Meyers*, Prosecuting Attorney, and *Ronald Mayle*, Assistant Prosecuting Attorney, for appellee.

*C. Wesley Bristley*, for appellant.

---

*Per Curiam.*

This is an appeal from a judgment of the Sandusky County Court of Common Pleas whereby appellant, Francis Wayne Todd, was convicted, following a jury verdict, of theft of more than $5,000 in violation of R.C. 2913.02(A)(1). Appellant filed a notice of appeal setting forth the following assignment of error:

"1. Defendant-appellant was denied a fair trial in that his counsel was ineffective in failing to make any motion to suppress oral and written confessions that were not voluntary and in failing to object to introduction in evidence of the written involuntary confessions."

The facts relevant to the issue raised in this appeal are as follows. James Michael Frantz employed Todd, a pharmacist, to manage one of his drugstores which was located in Fremont, Ohio. In 1988, Frantz noticed that although the sales at the Fremont store had increased, the amount of the bank deposits had decreased. On May 31, 1989, Frantz confronted Todd and accused him of stealing from the business. Frantz told Todd that he would get to the bottom of the matter or he would go to the police. Todd then admitted taking funds in the amount of $40,000 belonging to the store. Frantz wrote a statement indicating that appellant stole $40,000 from the store. Appellant signed this statement as well as a subsequent typed statement. Appellant promised to pay Frantz the amount of money taken within sixty days. Payments totalling $10,750 were made to Frantz, with the last payment made on July 31, 1989. Upon termination of the payments, Frantz contacted the Fremont Police Department. Frantz provided the police with business records and the statements signed by appellant.

On November 6, 1990, the case proceeded to trial by jury. Appellee presented evidence, including the statements of the appellant. The jury returned a verdict of guilty on the charge of theft of more than $5,000 and

appellant was sentenced by the trial court. Appellant has filed a timely appeal.

In his only assignment of error, appellant contends that he was denied a fair trial because his trial counsel was ineffective in failing to file a motion to suppress oral and written statements and in not objecting to the introduction of those statements at trial.

The underlying issue in this case is whether the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits introduction into evidence of an involuntary confession that was secured by the employer of appellant without police intervention or participation.

The United States Supreme Court held in *Colorado v. Connelly* (1986), 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473, 484, that " * * * coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."

The *Connelly* court further stated "[t]he most outrageous behavior by a private party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause." *Id.* at 166, 107 S.Ct. at 521, 93 L.Ed.2d at 483.

This decision was followed in *State v. Parobek* (Oct. 19, 1988), Lorain App. No. 4386, unreported, 1988 WL 110866, certification dismissed (1990), 49 Ohio St.3d 61, 550 N.E.2d 476, wherein the circumstances were substantially similar to those in the present case.

In the instant case, no evidence has been presented that the police were involved in any manner with the securing of these confessions. Thus, there is no basis for appellant's contention that these confessions were obtained in violation of his constitutional rights, and trial counsel did not act improperly or ineffectively in not filing a motion to suppress these statements.

Accordingly, appellant's sole assignment of error is not well taken.

On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GLASSER, ABOOD and SHERCK, JJ., concur.